8749.  NESSMITH *v.* HENDRY.

BLOODWORTH, J.  1.  While under the decisions of our courts a sheriff ordinarily has no right to take possession of property in the hands of a claimant after he has accepted a forthcoming bond, yet where property is levied upon and a claim is filed, and on a trial of the claim the property is found subject, and thereafter the sheriff does relevy on the property, takes possession, and advertises and sells it, no injury results to the defendant in fi. fa. from this action, and he can not legally complain unless the cost is taxed against him for the second levy and for keeping the property after that levy.

2.  It was not error harmful to defendant to admit the testimony complained of in grounds 1, 2, and 4 of the amended motion for new trial.

3.  Under the facts of this case the court did not err in admitting the
17

execution with entry of levy thereon, as complained of in ground 3 of the amended motion, nor in refusing to dismiss the levy as complained of in the 6th ground and in the bill of exceptions; the reason urged being that the 'first levy was undisposed of. ·

4. Ground 5 of the amended motion presents no issue for consideration by this court, as it is based upon alleged error in admitting evidence, and does not show what objection to its admission, if any, was urged at the trial.

5. When considered in connection with the entire charge of the court, there is no such error in the excerpts therefrom, complained of in the motion for new trial, as to authorize a reversal. Mere inaccuracies of expression, or slight errors, which are not likely to obscure the meaning of the court or mislead the jury, will not authorize this court to set aside a verdict, where the charge is comprehensive and otherwise correct.

6. Under the ruling in paragraph 1 above, there was no error harmful to defendant in the failure of the court to give the requested instruction set out in the 10th ground of the amended motion for a new trial.

7. It appearing from the record that the second levy was made by express direction of the plaintiff, and that all the cost was taxed against the defendant in the trial court, it is ordered that the cost of 'the second levy and of keeping the horse thereafter be assessed against the plaintiff in execution.

*Judgment affirmed, with direction. Broyles, P. J.; and Harwell, J.; concur.*
          DECIDED NOVEMBER 13, 1917.

Affidavit of illegality of execution; from city court of Nashville—Judge Christian. March 21, 1917.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*W. D. Buie,* contra.